## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JESSICA TILSON                                                    CIVIL ACTION

VERSUS

CINTAS CORPORATION NO. 2 A/K/A
CINTAS, ET AL.                                          NO. 22-00493-BAJ-EWD

### RULING AND ORDER

Before the Court is Defendant Cintas Corporation No. 2 ("Cintas")'s **Rule 12(b)(6)'s Motion to Dismiss Plaintiff's First Amended Petition (Doc. 13)**. The Motion is opposed. (Doc. 18). For written reasons herein, Defendant's Motion will be granted as to Plaintiff's state law claims and Title VII hostile work environment claim and denied as to Plaintiff's Title VII retaliation claim.

## I.    ALLEGED FACTS

This employment discrimination dispute alleges unlawful workplace harassment, retaliatory discharge, negligence, battery, and false imprisonment. Cintas is a business services company domiciled in Nevada and doing business in Louisiana. (*See* Doc. 1 at p. 18). On a date not provided in the Parties' pleadings, Plaintiff began working for Cintas in an undisclosed position. Plaintiff asserts that immediately after her hire and continuing until her discharge, supervisor Briana Saul subjected her "to an intimidating, intolerable, offensive, and otherwise hostile working environment." (*See* Doc. 1 at p. 18). When Plaintiff distanced herself from Saul because of the alleged harassment, production manager Alex Trijos allegedly issued "verbal threats of retaliation and/or discipline." (*See id.*). Plaintiff further

1

claims that when she reported Saul's and Trijos's harassment to Cintas, no meaningful investigation followed, and she was terminated just four days after her complaint "was closed" (on August 6, 2019). (*See* Doc. 1 at p. 19). Finally, Plaintiff accuses Cintas employees Kendra Simon and Willie Davis of grabbing her arm, twisting it behind her back, and forcefully pinning her against the door during the August 6 termination meeting. (*See id.*).

## II.    PROCEDURAL BACKGROUND

On a date not provided in the Parties' pleadings, Plaintiff filed a Charge of Discrimination with the Louisiana Commission on Human Rights (LCHR). She received a Dismissal Notice and Right to Sue letter on October 7, 2021. (*See* Doc. 18 at p. 7). On December 29, 2021, Plaintiff filed her initial Petition for Damages in the 19th Judicial District Court of the State of Louisiana, alleging state law claims of sexual and workplace harassment, retaliation, negligence, battery, and false imprisonment. (*See* Doc. 1 at p. 13–14). On June 21, 2022, Plaintiff amended her Petition by adding employment discrimination claims under Title VII of the Civil Rights Act of 1964. (*See* Doc. 18 at p. 19). On July 21, 2022, Cintas removed Plaintiff's action to this Court based on federal question jurisdiction. (Doc. 1). Now, Cintas moves to dismiss Plaintiff's First Amended Petition, arguing that Plaintiff's claims are time-barred and prescribed, and alternatively, that Plaintiff fails to state any actionable claim. (Doc. 13). Plaintiff opposes Defendant's Motion. (Doc. 18).

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against

the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The U.S. Court of Appeals for the Fifth Circuit has further instructed that "a statute of limitations may support dismissal under 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (internal citations omitted).

## IV.    DISCUSSION

### A.    Plaintiff's Title VII Retaliation Claim Survives Dismissal

Cintas argues that Plaintiff's Title VII claims are time-barred because she failed to pursue her action after receiving her Right to Sue letter from the LCHR. (*See* Doc. 14 at pp. 8–11). Under Title VII's regulations, an aggrieved party has 90 days to file suit after receiving the Right to Sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Here, Plaintiff received her letter on October 7, 2021, and thus any Title VII claim was timely if filed on or before January 5, 2022. Plaintiff filed her original Petition for Damages setting forth the factual basis of her Title VII claim on December 29, 2021. The problem—according to Defendants—is that Plaintiff did not include the catch phrase "Title VII" in her original petition, but instead only expressly pursued state law claims.

Plaintiff, however, argues that she should nonetheless be permitted to pursue her Title VII claims because under "Louisiana's system of fact pleading, 'recovery may be had under any legal theory justified by the facts presented in the petition.'" (*See* Doc. 18 at p. 9) (*citing Winbush v. Normal Life of Louisiana*, 599 So. 2d 489, 490–91 (La. Ct. App. 1992)). According to Plaintiff, so long as she pleaded sufficient facts in her original petition to support actionable Title VII claims, such claims may be deemed timely filed for purposes of Section 2000e-5(f)(1). *See Hughes v. Livingston Par. Sch. Bd.*, 459 So. 2d 10, 11 (La. Ct. App. 1984), writ denied, 462 So. 2d 1250 (La. 1985) (finding that petitioner "factually stated a demand for recovery under federal law, specifically, 42 U.S.C. § 1983," despite neglecting to explicitly notice this claim).

*See also Castello v. Zuppardo*, 22-118 (La. App. 5 Cir. 11/30/22), 353 So. 3d 997, 1002 ("It appears that any federal claims Mr. Castello may have as a result of Zuppardo's not hiring him because of his disability may have prescribed. However, although Mr. Castello did not specifically seek relief under the Louisiana Employment Discrimination Law ("LEDL"), in Louisiana's system of fact pleading, recovery shall be had under any legal theory justified by the facts presented in the petition.").

Plaintiff's position is supported by Fifth Circuit precedent, which provides that "[t]he federal rules do not apply to filings in state court, even if the case is later removed to federal court." *Tompkins v. Cyr*, 202 F. 3d 770, 787 (5th Cir. 2000). Moreover, the Fifth Circuit has applied Louisiana's fact pleading standard when assessing whether a claim originally filed in state court was sufficiently plead:

> State Farm argues that White did not adequately plead the contractual claim. Although we recognize that White's pleading fell short of what Federal Rule of Civil Procedure 8 would require, White initially filed his case in Louisiana state court, and that state's fact-pleading standard does not require a plaintiff to spell out the particular legal theories under which the facts he alleges entitle him to recovery. "After removal, repleading is unnecessary unless the court orders it," so we do not fault White for failing to spontaneously amend his pleading to conform to the federal pleading standard.

*White v. State Farm Mut. Auto. Ins. Co.*, 479 F. App'x 556, 561 (5th Cir. 2012). Thus, to determine whether Plaintiff's Title VII claims were timely filed within 90 days of Plaintiff receiving her Right to Sue letter, the Court must determine whether Plaintiff's December 29, 2021 Petition pleaded facts that "justify" either of the two Title VII claims Plaintiff seeks to pursue now: hostile work environment and retaliatory discharge.

5

To state a prima facie claim for hostile work environment, Plaintiff must allege: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) her employer knew or should have known and failed to take prompt remedial action. *See Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Because Saul was Plaintiff's supervisor, Plaintiff must meet only the first four elements of the test. *See id.* Even so, the Court concludes that Plaintiff has failed to allege facts satisfying factor four of her hostile work environment claim because her December 29, 2021 Petition is silent as to the *severity* or *pervasiveness* of Saul's alleged harassment. In fact, Plaintiff's ability to "distance herself from Mrs. Saul" suggests that the Saul's alleged harassment did not pervade Plaintiff's work environment. (*See* Doc. 1 at p. 12). Thus, in her December 29, 2021 Petition, Plaintiff failed to allege facts justifying recovery for a Title VII hostile work environment. Accordingly, this claim is time-barred.

Nonetheless, the Court concludes that Plaintiff's December 29, 2021 Petition satisfactorily pled facts supporting a Title VII retaliation claim. A plaintiff alleges a prima facie case for unlawful retaliation by stating (1) that she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse employment action. *See Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). An employee has engaged in activity protected by Title VII if she has either (1) "opposed any practice

made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII 42 U.S.C. § 2000e–3(a). *Id.* The opposition clause of § 2000e–3(a) requires the employee to demonstrate that she had at least a "reasonable belief" that the practices she opposed were unlawful. *See id.*

Here, Plaintiff engaged in a protected activity when she allegedly reported harassment to Cintas's Human Resources Department. (*See* Doc. 1 at p. 13). She alleges that she was terminated without just cause just four days later, and that the actual cause of her termination was her decision to report her supervisor (Saul) and her manager (Trijos) for harassment. (*See id.*). Applying Louisiana's fact pleading standard, the Court must find that Plaintiff alleged an actionable Title VII retaliation claim in her December 29, 2021 Petition, albeit not by name. Because the Petition preceded Plaintiff's 90-day deadline for pursuing her Title VII claim, Plaintiff's retaliation claim under Title VII is not time-barred.

This claim also satisfies Rule 12(b)(6)'s pleading standard. Cintas argues that Plaintiff offers only "conclusory allegations" in her Petition, but the Court disagrees. (*See* Doc. 14 at p. 11). The Petition contains sufficient factual matter for the Court to draw the reasonable inference that Cintas fired her in retaliation for reporting harassment. Accordingly, Cintas's Rule 12(b)(6) motion is denied as to Plaintiff's Title VII retaliation claim.

**B.  Plaintiff's State Law Claims Have Prescribed**

Pursuant to Louisiana Civil Code Article ("Article") 3492, the Court must

conclude that Plaintiff's state law tort claims have prescribed. Article 3492 provides that "delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Here, the prescriptive period for Plaintiff's state law tort claims began to run on August 6, 2019, the day she was allegedly terminated, assaulted, and falsely imprisoned. Accordingly, Plaintiff should have filed her state law tort claims on or before August 6, 2020, but she failed to do so until December 29, 2021.

Plaintiff's claims under the Louisiana Employment Discrimination Law (LEDL), La. R.S. 23:301, *et seq.*, have also prescribed. LEDL claims are subject to a one-year prescriptive period that can be tolled up to six months during the pendency of an administrative charge. *See Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 55 F. Supp. 3d 864, 874–75 (M.D. La. 2014). The prescriptive period for Plaintiff's LEDL claims also began to run on August 6, 2019, the day she was terminated. Thus, Plaintiff should have filed this claim on or before February 6, 2021.[1]

---

[1] Plaintiff offers several arguments as to why her state law claims are not prescribed. None are persuasive. One, however, is worth addressing because it relates to Plaintiff's remaining Title VII claim. Specifically, Plaintiff argues that under Title VII's continuing violation doctrine for hostile work environment cases, her state law claims "fall outside the normal liberative prescription of one year." (See Doc. 18 at p. 6). Here, Plaintiff misconstrues the law. The continuing violation doctrine provides that courts may consider conduct occurring outside of Title VII's 300-day deadline for the filing of a Charge of Discrimination with the LCHR provided that an employee filed her charge "while at least one act which comprises the hostile work environment claim is still timely." *Hartz v. Administrators of Tulane Educ. Fund*, 275 F. App'x 281, 289 (5th Cir. 2008) (internal citations omitted). The doctrine applies in the context of the 300-day deadline to file a discrimination charge, not the 90-day deadline to file suit after receipt of a Right to Sue letter, or any other statute of limitations period. *See Woods v. Lancaster Indep. Sch. Dist.*, 834 F. Supp. 2d 512, 517 (N.D. Tex. 2011) (noting that the continuing violation doctrine has never been used in the context of the 90-day deadline to file suit). In other words, had incidents of harassment occurred more than 300 days before

V.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Cintas's **Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Petition (Doc. 13)** be and is hereby **GRANTED IN PART**, and that Plaintiff's state law claims and Title VII hostile work environment claim be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that in all other respects, Cintas's Motion is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REFERED** to the Magistrate Judge for the issuance of a scheduling order.

Baton Rouge, Louisiana, this 27th day of March, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

the August 6, 2019 termination, the continuing violation doctrine would have allowed Plaintiff to include that conduct in her Charge of Discrimination. However, there is nothing in the doctrine that supports resuscitating Plaintiff's prescribed state law claims.